**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT RUFFNER, LARRY BALCOLM, and
JEREMY NIMMO, individually and on behalf
of all other persons similarly situated who were
employed by GRID ONE SOLUTIONS,

                              Plaintiffs,

    v.                                                          3:24-cv-1097
                                                                (ECC/ML)

GRID ONE SOLUTIONS, LLC and any related
entities,

                              Defendant.

---

Frank Gattuso, Esq., *for Plaintiffs*
William J. Anthony, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      On September 10, 2024, Named Plaintiffs Scott Ruffner, Jeremy Nimmo and Larry Balcolm filed a putative Rule 23 Class and FLSA Complaint against Grid One under the Fair Labor Standards Act, 29 U.S.C. § 201 and New York Labor Law alleging Defendant failed to pay certain wages and overtime premiums, and failed to provide statutory wage and hour notices to Named Plaintiffs and the Class and seeking unpaid wages, liquidated damages, penalties, attorneys' fees and costs.  Presently before the Court is Defendant's motion to dismiss the claims of Mr. Balcolm with prejudice pursuant to Fed. R. Civ. P. 41(b) because of his failure to prosecute and his written statement that he does not wish to participate in this matter or pursue claims against Defendant. Dkt. Nos. 43, 43-1.

## I. Procedural Background

On February 19, 2025, Magistrate Judge Miroslav Lovric entered a Uniform Pretrial Scheduling Order ("February 19, 2025 Order") setting forth various litigation deadlines and warning that "[t]he failure to comply with the deadlines set forth in Subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f)." Dkt. 20. In anticipation of mediation scheduled for May 1, 2025, the parties agreed to conduct limited discovery including depositions of the three Named Plaintiffs. Mr. Balcolm's deposition was scheduled for April 9, 2025, and he failed to appear; he also failed to respond to efforts by his attorneys to communicate with him. Dkt. No. 28; Declaration of Erin M. Train (Train Decl.) ¶¶ 17, 20-21, Dkt. 43-2.

During the mediation, the parties reached a settlement in principle, and Mr. Balcolm refused to communicate with his attorneys. Dkt No. 24; Train Decl. ¶¶ 18, 20. Mr. Balcom's counsel filed a motion to withdraw their representation of Mr. Balcolm, and Mr. Balcolm was personally served with notice of the June 30, 2025 hearing on that motion. Dkt. Nos. 28, 29, 31. The notice specifically warned Mr. Balcolm that failure to comply with court orders could result in sanctions including dismissal of the case. *Id.* Mr. Balcolm failed to appear for the hearing. During the hearing, Mr. Balcolm's counsel stated that Mr. Balcolm did not want to continue in this matter, and Judge Lovric scheduled another hearing for July 31, 2025. June 30, 2025 Minute Entry. The text order scheduling the July hearing ordered Mr. Balcolm to "inform his counsel in detail and in writing as to what his intentions are in this litigation and going forward in this litigation" and warned Mr. Balcolm that failure to comply with court orders could result in sanctions including dismissal of the case. Dkt. No. 32. Mr. Balcolm was personally served with notice of the July hearing. Dkt. 34.

On July 2, 2025, Mr. Balcolm sent an email to his counsel stating:

> I, Larry Balcolm, wish to be removed as a named plaintiff from the pending class action case against Grid One Solutions, LLC, and that the Court dismiss the claims in this case as they pertain to me individually. I do not want to be part of this class or case anymore, and I do not intend to pursue any individual claims of my own against Grid One going forward.

Dkt. No. 39. Mr. Balcolm filed to appear for the July hearing. July 31, 2025 Minute Entry. In response, Judge Lovric issued an Order to Show Cause, requiring Mr. Balcolm to explain in writing, by August 14, 2025, why this matter should not be dismissed as to him. Dkt. No. 42. The Order to Show Cause included the following warning:

> **PLAINTIFF LARRY BALCOLM IS ADVISED THAT FAILURE TO COMPLY WITH COURT ORDERS, OR FAILURE TO APPEAR AT COURT PROCEEDINGS, OR FAILURE TO APPEAR FOR DEPOSITION, OR FAILURE TO ENGAGE IN THE DISCOVERY PROCESS, OR FAILURE TO UPDATE THE COURT AND ALL PARTIES IN WRITING ANY CHANGE IN MAILING ADDRESS AND CONTACT INFORMATION, MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37 & 41, INCLUDING DISMISSAL OF THE CASE.**

Dkt. No. 42. Mr. Balcolm has not responded.

## II. Legal Analysis

Defendant argues that Mr. Balcolm's claims should be dismissed with prejudice under Fed. R. Civ. P. 41(b) because he has "made it clear that he does not want to be a party to this action or any other action against Grid One," "he has asked to be dismissed from this case," and he has failed to appear at several hearings.

Rule 41(b) allows motions to dismiss "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[]." Fed. R. Civ. P. 41(b). In other words, it "authorizes a district court to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Done v. HSBC Bank USA*, 09-cv-4878, 2011 U.S. Dist. LEXIS 1571, at

3

\*2 (E.D.N.Y. Jan. 5, 2011) (internal quotation omitted). The decision about whether to dismiss "for want of prosecution is a matter committed to the discretion of the trial judge. . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal prerequisites." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation omitted). Five factors must be considered when deciding whether dismissal under Rule 41(b) is an appropriate sanction:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Park v. Kim*, 91 F.4th 610, 612-13 (2d Cir. 2024) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, all five factors weigh in favor of dismissal. Regarding the first factor, the duration of Mr. Balcolm's failure to comply with court orders in this case weighs in favor of dismissal. Mr. Balcolm failed to comply with three orders over two months after failing to appear for his scheduled deposition. Dkt. Nos. 28, 32, 42. This is sufficient to meet the first factor. *See Daniels v. City of New York*, No. 18 Civ. 3717, 2022 WL 883764, at \*1 (S.D.N.Y. Mar. 25, 2022) (internal quotations omitted), *adopted by* 2022 WL 1204577 (S.D.N.Y. Apr. 22, 2022) (finding plaintiff's failure to comply with three separate court orders weighed in favor of dismissal).

Regarding the second factor, Judge Lovric repeatedly warned that if Mr. Balcom did not comply with court orders, then his claims could be dismissed. *See* Dkt. No. 20 (warning that failing to comply with deadlines could result in sanctions); Dkt. No. 29, 32, 42 (warning that failure to comply with court orders, appear for proceedings, or engage in discovery could result in sanctions under Rules 37 and 41, including dismissal). These warnings weigh in favor of dismissal even considering that Mr. Balcom is now representing himself. *See Valentine v. Museum of*

4

*Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) (affirming dismissal with prejudice where plaintiff ignored repeated warnings that failing to appear for his deposition would result in dismissal of the action); *George v. City of New York*, No. 12 CIV. 6365, 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (finding pro se "plaintiffs received meaningful, non-technical notice that failure [to comply with the court's directive] would likely result in dismissal of their claims").

Regarding the third factor, a defendant is presumed to have suffered prejudice where "plaintiff's refusal to comply with court orders causes unreasonable delays." *Santos v. New York City Hous. Auth.*, No. 01-cv-1646, 2023 WL 1213335, at *4 (S.D.N.Y. Mar. 17, 2003). Here, Defendant takes the position that Mr. Balcolm's "failure to appear for his deposition deprived Defendant of the opportunity to obtain critical testimony prior to mediation, and also forced unnecessary litigation costs to Defendant to prepare for a deposition that was confirmed for a mutually convenient date." Defendant Memorandum of Law at 10, Dkt. No. 43-1. In addition, counsel for Defendant filed a declaration stating that Mr. Balcolm's "refusal to communicate with counsel has (and continues to) delay the finalization of class and collective settlement agreement reached in principle by the parties on May 1, 2025 requiring attendance at two hearings and preparing the motion to dismiss." *Id.* This factor weighs in favor of dismissal.

Regarding the fourth factor, although "[e]ach plaintiff has a right to his day in court," this right "is qualified by the obligation to comply with lawful Court orders." *George*, 2013 WL 5943206, at *4. Mr. Balcolm was personally served with two of Judge Lovric's orders and the last was sent to his mailing address. He is therefore aware of his duty to comply with lawful court orders. In addition, Mr. Balcolm repeatedly received opportunities to indicate that he wanted to continue to participate in this action, and he has not done so. Instead, Mr. Balcolm explicitly stated that he wanted "to be removed as a named plaintiff" and asked that "the Court dismiss the claims

5

in this case as they pertain to me individually." Dkt. No. 39. *See Watkins v. Marchese*, No. 13 CIV. 3267, 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015) (concluding that this factor weighed in favor of dismissal where the plaintiff received multiple opportunities to comply with court orders and expressly declined those opportunities). This factor weighs in favor of dismissal given the Court's interest in controlling and managing its docket.

Regarding the fifth factor, Judge Lovric considered and used less drastic measures than dismissal including two hearings where Mr. Balcom was personally served with notice of the hearings and an Order to Show Cause. As a result, there is no reason to believe that a less drastic sanction than dismissal would be effective. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2010) ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case."). In addition, Mr. Balcolm wrote that he does not wish to pursue his claims against Defendant. This factor weighs in favor of dismissal.

Given the totality of the record and the fact that all five factors weigh in favor of dismissal, the motion to dismiss is granted.

## IV.   CONCLUSION

For the reasons stated above, it is

**ORDERED** that the Defendant's motion to dismiss Named Plaintiff Larry Balcolm's claims pursuant to Rule 41(b), Dkt. No. 43, is **GRANTED,** and Named Plaintiff Larry Balcolm's claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of Court is respectfully directed to terminate Named Plaintiff Larry Balcolm from the docket.

**IT IS SO ORDERED.**

Dated: November 26, 2025

_____
Elizabeth C. Coombe
U.S. District Judge